UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VERNON GOODLOW (# 93838)**                      **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                           **NO. 15-0788-JWD-EWD**

**O R D E R**

This matter comes before the Court on the plaintiff's Motion for Emergency Protection Order (R. Doc. 7).

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, former Warden Burl Cain, Lt. L. Roblin, Major Hayes, Capt. Worship,[1] Major Elroy, Legal Programs Director Trish Foster and unidentified "classification officers" assigned to the east and west yards at LSP. The plaintiff complains that his constitutional rights were violated in December, 2014, when the defendants failed to comply with disciplinary procedures dictated by the LSP Disciplinary rulebook and the Consent Decree signed by the Court in *Hayes Williams v. John McKeithen, et al.*, Civil Action No. 71-CV-0098-FJP (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). The plaintiff asserts that, as a result, the defendants denied him due process in connection with disciplinary proceedings conducted on December 1, 4 and 8, 2014. The plaintiff also complains that the defendants violated his constitutional right to due process during subsequent administrative and/or disciplinary appeal proceedings.

---

[1] In his original Complaint (R. Doc. 1), the plaintiff identified a "Maj. Wolfson" as a defendant herein. In a subsequent amendment (R. Doc. 3), the referenced defendant appears to have been changed to "Capt. Worship."

In the instant motion for preliminary injunctive relief, the plaintiff now complains of allegedly false disciplinary charges levied against him in January, 2016, pursuant to which he was allegedly wrongly accused of aggravated disobedience and an aggravated work offense. According to the plaintiff, the charges were unjustified because he was experiencing a serious medical emergency that justified his conduct and did not warrant disciplinary action. The plaintiff also complains that he was wrongly found guilty at a subsequent disciplinary board hearing and has since been transferred to a new housing unit where he fears that his serious medical needs will not be met. He alleges that he "feel as if [his] liberty [sic], safety, and even life may be at stake" because of the refusal by prison officials "to allow the plaintiff a fair and inpartial [sic] hearing" and the potential refusal to provide him with appropriate medical care.

In order to obtain preliminary injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* If the plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990). Additionally, in the prison context, preliminary injunctive relief must be narrowly drawn, must extend no further than necessary to correct the violation of the federal right, and must be the least intrusive means

necessary to correct the harm.  18 U.S.C. § 3626(a).

On the record before the Court, the plaintiff is not entitled to the relief requested. The events he complains of in the instant motion are unrelated to the events complained of in the original Complaint and occurred more than a year later.  Further, and in any event, the plaintiff's claims of alleged wrongful disciplinary charges and the alleged denial of due process during resulting disciplinary proceedings do not appear to rise to the level of constitutional violations cognizable in this Court.  *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (concluding that the issuance of one or more false disciplinary reports and the imposition of resulting punishment does not alone amount to a constitutional violation).  *See also Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment subjects an inmate to an atypical and significant deprivation in which the state might conceivably have created a liberty interest).  Thus, the Court finds that it is unlikely that the plaintiff will prevail on his claims against the defendants in this case.  Finally, the plaintiff's suggestion that he may suffer irreparable injury if his medical needs are not met is entirely conclusory and is based upon mere speculation.  Accordingly, the Court finds that the plaintiff has failed to establish the essential components of a viable claim for preliminary injunctive relief and that his claims in this case are subject to being adequately addressed in this ordinary proceeding.  *See Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974) (finding that "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction").  The plaintiff's request for preliminary injunctive relief, therefore, shall be denied.  Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Emergency Protection Order (R. Doc. 7) is hereby **DENIED**.

Baton Rouge, Louisiana, this ___20___ day of April, 2016.

_____
**JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT JUDGE**