# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

VERNON GOODLOW (# 93838)                                CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                   NO. 15-0788-JWD-EWD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on April 19, 2017.

    **ERIN WILDER-DOOMES**
    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VERNON GOODLOW (# 93838)**  CIVIL ACTION

**VERSUS**

**JAMES LeBLANC, ET AL.**  NO. 15-0788-JWD-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se P*laintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, former Warden Burl Cain, Lt. L. Roblin, Major Hayes, Capt. Worship,[1] Major Elroy, Legal Programs Director Trish Foster and unidentified "classification officers" assigned to the east and west yards at LSP. Plaintiff complains that his constitutional rights were violated in December, 2014, when Defendants failed to comply with procedures dictated by LSP rules and regulations and failed to comply with a consent decree entered into in previous litigation before this Court. Plaintiff asserts that, as a result, Defendants denied him due process in connection with boards or hearings conducted on December 1, 4 and 8, 2014. Plaintiff also complains that Defendants violated his constitutional rights in connection with a subsequent administrative and/or disciplinary appeal.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action

---

[1] In his original Complaint (R. Doc. 1), Plaintiff identified a "Maj. Wolfson" as a defendant herein. In a subsequent amendment (R. Doc. 3), the referenced defendant appears to have been changed to "Capt. Worship."

or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's Complaint fails to state a claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States. Whereas Plaintiff's allegations are not a model of clarity, he appears to complain regarding disciplinary or classification board hearings that were held at LSP during a one-week period on three separate dates in December 2014, which boards or hearings were presided over by Defendants Major Hayes, Major Wolfson and Major Elroy, respectively, and which boards were also participated in by the unidentified Defendant classification officers. Plaintiff complains that, in conducting the referenced boards or hearings, these defendants "refused

to abide by the rules" of the institution.[2] In addition, Plaintiff asserts that Defendant Trish Foster and L. Roblin are "over the Legal Program" and "over the appeal" process at LSP, respectively, and that these defendants failed to abide by a federal consent decree executed by this Court, which consent decree approved the prison rulebook and was designed, *inter alia,* to ensure that prisoners are afforded procedural due process in connection with disciplinary proceedings at LSP. *See Ralph v. Dees, et al.*, Civil Action No. 71-CV-0094-FJP (M.D. La. 1975), *affirmed sub nom Williams v. Edwards*, 547 F.2d 1206 (5th Cir. 1977). Finally, Plaintiff asserts that Defendants Warden Burl Cain and Secretary James LeBlanc, respectively, are responsible for the day-to-day operations at LSP and the creation and implementation of prison regulations, policies, rules and procedures at the institution. The only complaint that Plaintiff makes relative to these supervisory officials, however, is that Defendant LeBlanc allegedly failed to follow appropriate procedures because he "has not answered [Plaintiff's] appeal in a timely matter [sic]."

To the extent that Plaintiff believes that LSP rules, procedures or regulations were not followed by Defendants during the classification or disciplinary board hearings or proceedings of December 1, 4 and 8, 2014, such failure does not amount to a constitutional violation cognizable under § 1983. In this regard, the law is clear that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process." *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006), *quoting Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Jackson v. Cain*, 864 F.2d 1235, 1253 (5th Cir. 1989). *See also Woodard v. Andrus*, 419 F.3d 348, 1252-53 (5th Cir. 2005) ("[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional

---

[2] Plaintiff does not provide any information regarding the nature of the boards or hearings held in December, 2014, the results thereof, or the manner in which the prison rules and procedures were not complied with. The Court does not find that these omissions are critical to a resolution of this proceeding.

rights"). Accordingly, the alleged failure of Defendants to follow prison regulations or procedures during the referenced boards or hearings is not actionable before this Court.

Further, whereas Plaintiff makes reference to Defendants' alleged failure to comply with the consent decree executed in connection with the *Ralph v. Dees* case, Plaintiff's reliance on that decree is misplaced. Even for prisoners there is an important difference between constitutional rights and the remedies utilized to enforce those rights. *Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986), *citing Chelentis v. Lukenbach S.S. Co.*, 247 U.S. 372, 384 (1917). Although remedial decrees are the means by which unconstitutional conditions may be corrected, they do not create or enlarge upon constitutional rights. *Id*. at 1123. *See also Marshall v. Lynn,* 3 F.3d 440 (5th Cir. 1993). Nor do judicial decrees create rights secured by the laws of the United States within the meaning of section 1983. *Id*. Therefore, the remedial court order, standing alone, does not serve as a basis for section 1983 liability. *Accord Galloway v. Louisiana*, 817 F.2d 1154 (5th Cir. 1987). Thus, the alleged violation of the referenced consent decree or remedial order in the instant case does not amount to a violation of Plaintiff's rights cognizable under section 1983.

Finally, to the extent that Plaintiff's allegations may be interpreted as reflecting his dissatisfaction with the unspecified results of the classification or disciplinary board hearings conducted in December, 2014, this claim would fare no better. In the first place, the classification of inmates is a matter left to the sound discretion of prison officials, and prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are appropriate to preserve internal order and discipline and to maintain institutional security. *Hewitt v. Helms*, 459 U.S. 460, 466-67 (1983). So long as the conditions and degree of confinement to which an inmate is subjected are within the sentence imposed on the inmate and do not otherwise violate the constitution, the due process clause does not itself subject a prison official's treatment of an inmate to judicial oversight. *Id*. *See also McCord v. Maggio*, 910 F.2d

1248, 1250-51 (5th Cir. 1990). Second, an inmate's claim that he has been charged or punished for conduct that he did not do, without more, does not allege a constitutional violation. *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (concluding that the issuance of one or more false disciplinary reports and the imposition of resulting punishment does not alone amount to a constitutional violation). Finally, the United States Supreme Court has concluded that prisoners have no protected liberty interest in the procedures utilized during prison administrative and disciplinary board proceedings unless the hearing has resulted in a punishment representing a "significant and atypical deprivation in the context of prison life." *Sandin v. Connor*, 515 U.S. 472, 486 (1995). Plaintiff has alleged no facts suggesting that he was subjected to any punishment meeting this criterion as a result of the hearings of December 1, 4 and 8, 2014. *See Sandin v. Connor*, 515 U.S. 472, 486 (1995) (holding that prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment subjects an inmate to an atypical and significant deprivation in which the state might conceivably have created a liberty interest). *Cf.*, *Dickerson v. Cain*, 241 Fed. Appx. 193, 194 (5th Cir. 2007) (finding that placement in segregated confinement at LSP in connection with a disciplinary proceeding was not an "atypical or significant hardship"). Accordingly, the failure of Defendants to follow unspecified rules or procedures during Plaintiff's boards or hearings conducted in December, 2014 do not amount to a constitutional violation.

Plaintiff also complains that Defendant James LeBlanc failed to comply with prison administrative procedures by failing to respond to Plaintiff's administrative appeal in a timely manner. As noted above, however, the mere failure to follow prison rules does not rise to the level of a constitutional violation. Further, the law is clear that any alleged failure to investigate or properly respond to a prisoner's administrative grievance or disciplinary appeal is not a constitutional violation, and no liability may attach as a result of such failure. *See Geiger v.*

*Jowers*, 404 F.3d 371 (5th Cir. 2005). Nor is an inmate entitled to a fair or favorable response or result in connection therewith. *Id*. Thus, Plaintiff may not be heard to complain in this case regarding the manner in which his administrative proceedings were investigated, conducted or resolved, and there is no constitutional right inherent in such a claim. Accordingly, Plaintiff's claims asserted against Defendants in this regard should likewise be dismissed.

Because it is clear that Plaintiff's claims have no arguable basis in fact or in law, and because his allegations fail to state a claim upon which relief may be granted, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## **RECOMMENDATION**

It is recommended that Plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3]

Signed in Baton Rouge, Louisiana, on April 19, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

3   Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."